*676 VOROS, Judge
(concurring):
¶ 29 I concur in the result reached by the majority opinion, and agree with its analysis except as to one point. The fatal flaw in the Association’s nonjudicial foreclosure was not the absence of a trustee, but the absence of a trust deed. I do not agree that under the controlling version of the statute the manager or management committee of a condominium homeowners association may, when no conveyance in trust has occurred, appoint a qualified trustee. Nor do I agree that such a “trustee” may, upon a unit owner’s non-payment of assessments, notice and conduct a public sale and, presumably, convey to the highest bidder fee simple title to the condominium.
¶ 30 In this context, a trustee is “a person to whom title to real property is conveyed by trust deed, or his successor in interest.” Utah Code Ann. § 57-1-19(4) (LexisNexis 2010). A trust deed is a deed, executed in conformity with title 57, “conveying real property to a trustee in trust to secure the performance of an obligation of the trustor or other person named in the deed to a beneficiary.” Id. § 57-1-19(3). Thus, “a trust deed is a conveyance by which title to the trust property passes to the trustee.” First Sec. Bank of Utah, NA v. Banberry Crossing, 780 P.2d 1253, 1256 (Utah 1989). Unlike the majority, I cannot see how a party (such as the management committee of the Association) that does not hold title to a condominium can convey title to a “trustee.” Nor can I see how a “trustee” who does not hold title could, in turn, convey title to the purchaser at a public sale.
¶ 31 The Condominium Ownership Act does of course incorporate by reference some portion of the Trust Deed Act. The relevant provision states that a “lien for nonpayment of an assessment may be enforced by sale or foreclosure of the unit owner’s interest by the manager or management committee ... in the same manner as foreclosures in deeds of trust or mortgages or in any other manner permitted by law.” Utah Code Ann. § 57-8-20(4)(b) (2010). However, I do not read this generalized language to eliminate what I view as a necessary prerequisite to the exercise of a power of sale: the conveyance of the property in trust to secure the performance of an obligation.
¶ 32 As noted in the majority opinion, the Legislature has since amended the Condominium Ownership Act to effect just such a conveyance by operation of law when a buyer purchases a condominium. See id. § 57-8-45(2) (Supp. 2012). “[W]e presume that when the legislature amends a statute, it intended the amendment to change existing legal rights.” Harvey v. Cedar Hills City, 2010 UT 12, ¶ 13, 227 P.3d 256 (citations and internal quotation marks omitted). A statutory amendment may nevertheless be given retroactive effect if it merely clarifies the meaning of the existing statute or if any change is merely procedural. Id. ¶ 14. But here, the Association acknowledges that these amendments “are prospective only.” Accordingly, they reinforce rather than undermine my reading of the Condominium Ownership Act.